## PELATIAH ELY *vs.* NOVATUS ELY.
### SAME *vs.* SAME.

The holder of a promissory note secured by mortgage may proceed concurrently with actions on the note and to foreclose the mortgage, until the note is paid.

There is no presumption of law that a material alteration in a deed was made before or at the time of its execution; and an instruction to the jury that there is such a presumption is ground of exception, although it appears to the judge, upon inspection, that the alteration was made at the same time with the rest of the deed, and he also instructs the jury that the burden of proof is on the party setting up the deed to show that it was made before or at the time of the execution of the deed.

THESE two cases were tried at the same term of the court of common pleas, before *Sanger*, J.

The *first* was an action of contract upon a promissory note; the *second* a writ of entry to foreclose a mortgage made to secure that note.

In answer to the first action, the defendant relied on the pendency of the second.   But the judge ruled that it was no defence; and the defendant submitted to a verdict and judgment for the plaintiff, and alleged exceptions.

To the second action, the defendant pleaded the general issue, with a denial of the execution of the mortgage.

At the trial, the plaintiff produced the mortgage, and called the subscribing witness, who testified that he saw the defendant sign.   Upon the face of the mortgage there appeared to be

interlined a clause of general warranty; and also other inter-
lineations, alterations and erasures.  But, (as the bill of excep-
tions stated,) "the defendant not claiming that any of them
were material, except the interlineation of the warranty, and
offering no extraneous evidence in relation to the deed, and it
appearing to the court upon inspection that the interlineations
were in the same handwriting and ink, and that, so far as could
be judged by the color of the ink, it was made at the same
time as the rest of the body of the mortgage, the court overruled
the objection, and allowed the mortgage to be read· to the jury;
and afterwards, among other things, instructed the jury that the
burden of proof was on the plaintiff to show that said interlinea-
tions, alterations and erasures were made before or contem-
poraneously with the execution of said mortgage; that, in the
absence of all proof to the contrary, as fraud was never to be
presumed, the presumption of law was that the interlineations,
alterations and erasures were made prior to or contempora-
neously with the execution of the mortgage."  The jury returned
a verdict for the plaintiff.

The court also ruled that the plaintiff was entitled to condi-
tional judgment for the amount of both of the notes secured
by the mortgage, if still unpaid, although the plaintiff had al-
ready, at the same term, in an action upon the note, recovered
judgment against the defendant for the full amount thereof.

The defendant alleged exceptions.

*C. A. Winchester*, for the defendant.

*E. W. Bond*, for the plaintiff, being directed by the court to
confine himself to the point of the alteration, argued that the
court properly admitted the mortgage to be read to the jury,
after being satisfied, by an inspection of the instrument, that the
only material alteration was made at the same time with the
rest of the body of the mortgage; and that the instruction
" that, in the absence of all proof to the contrary, as fraud
was never to be presumed, the presumption of law was that the
interlineations, alterations and erasures were made prior to or
contemporaneously with the mortgage," was correct, taken in
connection with the previous instruction as  o the burden of

proof; and cited 1 Greenl. Ev. § 564 & notes; Chit. Con. (8th Amer. ed.) 677 & seq.

DEWEY, J. We have no doubt as to the correctness of the rulings of the court, that the pendency of the suit to foreclose the mortgage was no bar to the action on the note, and that the conditional judgment must be entered as well for the note that had been the subject of a separate suit, as for the other, both being included in the mortgage, and both being unpaid. The causes of action, and the remedies sought to be enforced, are not legally the same. The one is a personal; the other a real action. The one seeks a judgment and execution against the person and property of the debtor; the other seeks merely to enforce a lien against certain real estate which he has charged with the payment of the debt. The exceptions in the action on the note must therefore be overruled, and the judgment for the plaintiff affirmed.

Obtaining that judgment does not take the note out of the mortgage. The payment of the same on the separate judgment will of course discharge so much of the conditional judgment but the creditor may pursue both remedies to enforce the payment of his notes.

Upon the question of interlineation, the judge rightly instructed the jury that the burden of proof was upon the plaintiff to show that it was made before the execution and delivery of the mortgage.

But the further instruction that, in the absence of all proof to the contrary, the presumption of law was that the interlineations and alterations were made prior to or contemporaneously with the execution of the mortgage, was wrong. There is no such legal presumption. If it were so, the party setting up the instrument might always introduce the instrument as a genuine one, and it would stand as such if no evidence was introduced by the other party to show that it was in fact altered after the execution. Now the burden is on the party offering the instrument, to prove the genuineness of the instrument, and that the alterations apparent on the same were honestly and properly made. To what extent he shall be required to introduce evi-

dence will depend upon the peculiar circumstances of each case. The alterations may be of such a character that he may safely rely upon the paper itself, and the subject matter, as authorizing the inference that the alteration was made before the execution, or he may introduce some very slight evidence to account for the apparent interlineations. But there is no presumption of law, either that the alterations and interlineations apparent on the face of a deed were made prior to the execution of the instrument, or that they were made subsequently. That question is to be settled by the jury, upon all the evidence in the case offered by the parties, and the surrounding circumstances, including, of course, the character of the alterations and the appearance of the instrument alleged to have been altered. Upon this ground, the exceptions in the second case must be sustained, and a new trial had.